IN THE UNITED STATES BANKRUPTCY COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| IN RE: | ) |
| | ) |
| JOAN BOYD HARDEN, | ) Case No: 3:04-bk-06325 |
| | ) Chapter 7 |
| Debtor. | ) Judge Harrison |

**THE DEADLINE FOR FILING A TIMELY RESPONSE IS: August 2, 2022
IF A RESPONSE IS TIMELY FILED, THE HEARING WILL BE: August 16, 2022, at 9:00 a.m., in Courtroom 3 – U.S. Customs House – 701 Broadway, Nashville TN 37203**

**NOTICE OF MOTION OF TRUSTEE TO SELL INTEREST IN REAL PROPERTY**

Erica R. Johnson, Trustee, has asked the court for the following relief: approval of the sale of real property to co-owner of real property.

**YOUR RIGHTS MAY BE AFFECTED.** If you do not want the court to grant the attached motion by entering the attached order, or if you want the court to consider your views on the motion, then on or before August 2, 2022, you or your attorney must:

1. File with the court your response or objection explaining your position. **PLEASE NOTE: THE BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF TENNESSEE REQUIRES ELECTRONIC FILING. ANY RESPONSE OR OBJECTION YOU WISH TO FILE MUST BE SUBMITTED ELECTRONICALLY. TO FILE ELECTRONICALLY, YOU OR YOUR ATTORNEY MUST GO TO THE COURT WEBSITE AND FOLLOW THE INSTRUCTIONS AT: <https://ecf.tnmb.uscourts.gov>.**

    If you need assistance with Electronic Filing you may call the Bankruptcy Court at (615) 736-5584. You may also visit the Bankruptcy Court in person at: 701 Broadway, 1st Floor, Nashville, TN (Monday - Friday, 8:00 A.M. - 4:00 P.M.).

2. **Your response must state that the deadline for filing responses is August 2, 2022, the date of the scheduled hearing is August 16, 2022, and the motion to which you are responding is the Motion of Trustee to Sell Interest in Real Property.**

3. You must serve your response or objection **by electronic service through the Electronic Filing system** described above. You must also mail a copy of your response or objection to:

| | | |
|---|---|---|
| Erica R. Johnson, Trustee | United States Trustee | Justin T. Campbell |
| Chapter 7 Trustee | 701 Broadway, Customs House Suite 318 | Thompson Burton PLLC |
| 8161 Highway 100, Suite 184 | Nashville, TN 37203 | 1801 West End, Suite 1550 |
| Nashville, TN 37221 | | Nashville, TN 37203 |

If a response is filed before the deadline stated above, the hearing will be held at the time and place indicated above. ***THERE WILL BE NO FURTHER NOTICE OF THE HEARING DATE.*** You may check whether a timely response has been filed by calling the Clerk's office at (615) 736-5584 or viewing the case on the Court's website at <https://ecf.tnmb.uscourts.gov>.

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter the attached order granting that relief.

Dated: July 12, 2022

By: /s/ Justin T. Campbell
Justin T. Campbell (TN Bar No. 31056)
Thompson Burton PLLC
1801 West End Avenue, Suite 1550
Nashville, TN 37203
Telephone: 615-465-6015
justin@thompsonburton.com

Counsel for Chapter 7 Trustee

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JOAN BOYD HARDEN, | ) | Case No: 3:04-bk-06325 |
| | ) | Chapter 7 |
| Debtor. | ) | Judge Harrison |

**TRUSTEE'S MOTION TO SELL INTEREST IN REAL PROPERTY**

Comes now the trustee, Erica R. Johnson, (the "Trustee"), by and through counsel, in the above-captioned case, and moves this Court for an order, pursuant to 11 U.S.C. §§ 105(a), 363, 704, and Fed. R. Bankr. P. 2002 and 6004 to approve the sale of real property located at 1004 15th Avenue South, Nashville, Tennessee 37212-2414 (the "Real Property"), and to approve the notice of the sale set forth herein. In support of this Motion, the Trustee states:

A. **BACKGROUND**

1. Joan Boyd Harden (the "Debtor") commenced the above-captioned voluntary chapter 7 case with the U.S. Bankruptcy Court on May 24, 2004 (the "Petition Date"). Trustee Susan Limor was appointed Chapter 7 Trustee on the Petition Date.

2. The Debtor bankruptcy case was originally closed on August 31, 2004.

3. The Debtor's case was reopened through order of the Court on October 15, 2020 (the "Reopening Date"). The purpose of the reopening was to liquidate the Debtor's inherited ownership of Real Property that was not listed on the Debtor's statements and schedules filed on the Petition Date.

4. Due to the retirement of Trustee Susan Limor, Erica R. Johnson (the "Trustee") was appointed trustee on the Reopening Date.

5. On the Reopening Date, the Real Property was subject to a lawsuit to quiet title filed in the Davidson County Chancery Court.

6. Following the Reopening, the Trustee filed an adversary proceeding against the Debtor and the other co-owners of the Real Property seeking to partition and sell the Real Property pursuant to 11 U.S.C. § 363(h). The history of the Debtor's ownership of the Real Property and the other co-owners can be found in the Trustee's *Complaint for Determination of Ownership Interest in Real Property and for Partition and Sale of Real Property* (Docket No. 1 – 3:21-ap-90120).

7. The Trustee, through orders for default and/or agreed orders, was granted authority to sell the Real Property free and clear of the interest of all other co-owners. *See Agreed Order Granting Authority to Trustee to Sell Real Property Pursuant to 11 U.S.C. 363(h) and to Confirm Ownership Percentages* (the "Agreed Order Granting Authority" – Docket No. 35 – 3:21-ap-90120).

8. In addition to granting authority to sell, the Agreed Order Granting Authority also confirmed the ownership interest percentages of each co-owner. Those percentages are listed below.

- Joan Boyd Harden – 33.33% (25% held by Debtor's estate; 8.33% held by Debtor)
- John Michael Gresham ("J. Gresham") – 33.33%
- Beverly Gresham ("B. Gresham") – 11.11%
- The 15th Avenue Harvey Trust (the "Harvey Trust") – 22.22%

9. Upon information and belief, there is only one recorded lien on the Real Property. On January 6, 1975, the Debtor executed a Promissory Note in favor of the United States of America – Secretary of Housing and Urban Development ("HUD") in the amount of $16,550.00. A Deed of Trust was recorded on or around that date (the "HUD DOT").[1]

---

[1] The Trustee is currently performing a title search on the Real Property and shall pay all legitimate liens that appear on the Real Property through the Trustee's title search.

10. The term of this Promissory Note expired on January 6, 1995. The Promissory Note and/or the Deed of Trust were never formally released. The Trustee believes that this debt is no longer a valid debt, as the statute of limitations for the Deed of Trust has expired. While the Trustee believes the debt is invalid, she is providing notice of this Motion to HUD and any order entered approving this sale will be free and clear of the HUD DOT and HUD shall not be entitled to any proceeds associated with the sale.[2]

B. **THE SALE**

11. As a current co-owner, the Harvey Trust has made the Trustee an offer to purchase the entirety of the Real Property. In furtherance of this offer and sale, the Trustee would be selling all ownership interest held by the Debtor and all other co-owners of the Real Property.

12. The Trustee proposes to sell the full right, title, and interest in the Real Property to the Harvey Trust for an assigned purchase price of $285,000.00 (the "Purchase Price"). As the Harvey Trust is a 22.22% owner of the Real Property, the Harvey Trust will pay an actual price of $221,673.00 (the "Sale Proceeds") to the Trustee for the Real Property, which equals 77.78% of the Purchase Price. Given that the Harvey Trust is paying a reduced amount of the Purchase Price consistent with its ownership interest, the Harvey Trust will disclaim any interest in the proceeds distributed by the Trustee following the sale of the Real Property. The remaining co-owners would receive the same distribution of the sale proceeds whether the Harvey Trust paid the Purchase Price or the Sale Proceeds.

13. In calculating and agreeing on the Purchase Price for the Real Property, the Trustee took into account the rapidly deteriorating status of the residence on the Real Property

---

[2] *Stevenson v. Tanner (In re Tanner)*, 1997 Bankr. Lexis 2446 (Bankr W.D.TN Feb. 24, 1997)

and the Metropolitan Codes requirements and restrictions placed on the Real Property. The Trustee believes that the sale of the Real Property is in the best interest of the estate.

14. While the Harvey Trust is a co-owner of the Real Property, the Trustee asserts that the sale represents an arms-length transaction between the parties, made without fraud, collusion, and no attempt has been made by either to take any unfair advantage of the other. The Harvey Trust is purchasing the Real Property in good faith pursuant to 11 U.S.C. § 363(m).

15. The Trustee proposes to sell the Real Property "as is" and "where is" and makes no representations or warranties as to the condition of the Real Property or the title.

16. The Trustee will convey by valid Bankruptcy Trustee's Deed, or other appropriate instrument, the right, title, and interest that the Trustee has the right to convey pursuant to the Agreed Order Granting Authority and the Trustee's rights to sell property of the estate pursuant to 11 U.S.C. § 363.

17. Proceeds from the sale of the interest in the Real Property should pay all administrative expenses of the estate and should provide a distribution to the unsecured creditors of the estate. The sale of the estate's interest in the Real Property is made pursuant to 11 U.S.C. § 363(b).

18. The sale of the interest in the Real Property is being made free and clear of any interest in the Real Property held by an entity other than the estate pursuant to 11 U.S.C. § 363(f) because either: (1) applicable non-bankruptcy law permits the sale of the Real Property free and clear of such interests; (2) such entity consents to the sale; (3) such interest is a lien and the price at which the Real Property is to be sold is greater than the aggregate value of all liens on the Real Property; (4) such interest is in bona fide dispute; or (5) such entity could be compelled, in a legal or equitable proceedings to accept a money satisfaction of such interest.

19. The Trustee believes the sale is in the best interest of the bankruptcy estate, the creditors and other parties in interest and should be approved.

WHEREFORE, the Trustee requests that the Court enter an Order, submitted by the Trustee, in the absence of any timely filed objection to this Motion, which:

A. Authorizes the Trustee to sell the right, title, and interest in the Real Property under the terms and conditions described above;

B. Approves the sale of the Real Property pursuant to 11 U.S.C. § 363 (b), (f), (h), (m) and Fed. R. Bankr. P. 6004;

C. Authorizes the Trustee to accept Two Hundred Twenty One Thousand Six Hundred Seventy Three Dollars and no cents ($221,673.00) from the Harvey Trust as purchaser of the Real Property;

D. Authorizes the Trustee to execute all documentation necessary for the sale of the Real Property;

E. Declares that HUD holds no valid security interest in the Real Property, that the HUD DOT is invalid, and that HUD has no right to any proceeds derived from the sale of the Real Property;

F. Declares that the Real Property is being sold free and clear of liens;

G. Declares that the Real Property is being sold free and clear of all interests of any co-owners in the Real Property

H. Declares that the Real Property is being sold free and clear of any and all exemptions and/or interests of the Debtor;

I. Declares that the Trustee, following the closing of the sale, shall distribute sale proceeds to co-owner in accordance with the Agreed Order Granting Authority;

J. Declares that the Harvey Trust shall have no interest in the distribution of the Sale Proceeds;

K. Waives the fourteen (14) day stay of the order approving the sale under Fed. R. Bankr. P. 6004(h);

L. Requires the Trustee to file a final report of sale with the Court in accordance with Fed. R. Bankr. P. 6004(f) and LBR 6004-1; and

M. Grants such other relief that the Court deems just and proper.

Dated: July 12, 2022.

Respectfully submitted,

/s/ Justin T. Campbell
Justin T. Campbell (Tn Bar No. 031056)
Thompson Burton PLLC
1801 West End Ave, Suite 1550
Nashville, TN 37203
Telephone: 615-465-6015
justin@thompsonburton.com

*Counsel for the Ch. 7 Trustee*

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

IN RE: )
)
JOAN BOYD HARDEN, ) Case No: 3:04-bk-06325
) Chapter 7
   Debtor. ) Judge Harrison

**ORDER APPROVING SALE OF INTEREST IN REAL PROPERTY**

Upon consideration of the notice and motion of Erica R. Johnson, Trustee, for authority to sell the real property located at 1004 15th Avenue South, Nashville, TN (the "Real Property"). It appearing to the Court that the Trustee has complied with applicable local rules, having provided notice of his motion, and that no objections were received in this matter, and for other cause to the court shown;

It is hereby **ORDERED:**

A. The Trustee is authorized to sell the right, title, and interest in the Real Property under the terms and conditions described in the Motion;

B. The sale of the Real Property is approved pursuant to 11 U.S.C. § 363(b), (f), (h), (m) and Fed. R. Bankr. P. 6004;

C. The Trustee is authorized to accept Two Hundred Twenty One Thousand Six Hundred Seventy Three Dollars and no cents ($221,673.00) from the Harvey Trust as purchaser of the Real Property;

D. The Trustee is authorized to execute all documentation necessary for the sale of the Real Property;

E. HUD holds no valid security interest in the Real Property, the HUD DOT is invalid, and HUD has no right to any proceeds derived from the sale of the Real Property;

F. The Real Property is being sold free and clear of all liens;

G. The Real Property is being sold free and clear of all interests of any co-owners in the Real Property;

H. The Real Property is being sold free and clear of any and all exemptions and/or interests of the Debtor;

I. That the Trustee, following the closing of the sale, shall distribute Sale Proceeds to co-owners in accordance with the Agreed Order Granting Authority;

J. That the Harvey Trust shall have no interest in the distribution of the Sale Proceeds;

K. The fourteen (14) day stay of the order approving the sale under Fed. R. Bankr. P. 6004(h) is waived;

L. That the Trustee shall file a final report of sale with the Court in accordance with Fed. R. Bankr. P. 6004(f) and LBR 6004-1

**This Order was signed and entered electronically as indicated at the top of the first page.**

**APPROVED FOR ENTRY:**

/s/ Justin T. Campbell
Justin T. Campbell (Tn Bar No. 031056)
Thompson Burton PLLC
1801 West End Avenue, Suite 1550
Nashville, TN 37203
Tel: 615-465-6015
Email: justin@thompsonburton.com

*Counsel for the Chapter 7 Trustee*

PROPOSED

## Certificate of Service

       The undersigned hereby certifies that a copy of the preceding Motion was electronically filed, served via the Court's ECF system, and served on all parties listed in the attached matrix, and all additional parties listed below, this 12th day of July, 2022:

John Michael Gresham
255 Twelve Mile Road
Princeton, West Virginia 24739

Beverly Gresham
786 W. 9th
Deltona, Florida 32725-7224

Joan Boyd Harden
200 Chimney Top Drive
Antioch, TN 37013

The Associate General Counsel for Litigation
Office of Litigation
U.S. Department of Housing and Urban Development
451 Seventh Street, S.W.
Washington, D.C. 20410

15th Avenue Harvey Trust
c/o Darryl Harvey, Trustee
753 Winthrone Drive
Nashville, TN 37217

                                                /s/ Justin T. Campbell
                                                Justin T. Campbell